117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor Baguna DUMARAOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70702, Avd-ftd-zml.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Victor Baguna Dumaraos, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") order denying his applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Dumaraos contends that substantial evidence does not support the BIA's conclusion that he failed to establish past persecution or a well-founded fear of future persecution from the New People's Army on account of his political opinion. We disagree.
 
 
 4
 Where, as here, the BIA reviews the IJ's decision de novo and independently exercises its discretion, our review is limited to the BIA's decision. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995). The factual determinations underlying the decision, including the applicant's statutory eligibility for asylum, are reviewed for substantial evidence. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997) (citation omitted). Under this standard, we must uphold the denial of asylum unless the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See Gutierrez-Centeno v. INS, 99 F.3d 1529, 1531 (9th Cir.1996).
 
 
 5
 To be eligible for asylum, Dumaraos must demonstrate that he has been persecuted, or has an objectively reasonable fear of future persecution, on account of his political opinion. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993); 8 U.S.C. § 1101(a)(42)(A). Dumaraos' burden is to establish that the persecution is because of his political opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (emphasis in original).
 
 
 6
 In the Philippines, Dumaraos worked for the Department of Agriculture, evaluating economic development projects, such as fisheries, and deciding where to locate them. In May, 1986, an NPA member asked Dumaraos to join and to award the NPA a government project, to elicit public support. Dumaraos refused because he did not agree with the NPA's beliefs. Approximately one month later, while Dumaraos was away on business, an unidentified telephone caller told Dumaraos' wife that his actions would cost him his life. In September of that year, the NPA kidnapped Dumaraos and detained him for at least two days. He was tied up, his arms were scratched and scarred from being dragged, and he was threatened that if he did not give the NPA a project, he would be killed. A municipal officer paid the NPA to release Dumaraos, and Dumaraos was transferred to a different job. Three years later, in 1989, unidentified gunmen sprayed Dumaraos' house with bullets. Dumaraos believes these gunmen were NPA members. He moved 600 miles north to Luzon and, three months later, he left the Philippines. In 1993, Dumaraos' teenage daughter told him on the telephone that an unknown man threatened her with a knife and asked about her father's whereabouts.
 
 
 7
 We agree with the BIA that Dumaraos failed to meet his burden of establishing past persecution by the NPA on account of his political opinion, rather than on account of his refusal to award the NPA a lucrative government project. The fact that the NPA kidnapped and threatened him after he refused to award the group a government project is not by itself sufficient to show that the NPA acted "on account of" his political views. See Elias-Zacarias, 502 U.S. at 482-83.
 
 
 8
 We also conclude that substantial evidence supports the BIA's conclusion that Dumaraos failed to establish an objectively reasonable fear of future persecution. Dumaraos testified that if he returns to the Philippines, it is not likely that he will have the same government position. He also acknowledged that since his departure, conditions in the Philippines have changed and the NPA's force has been seriously reduced. See Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (stating that fundamental political changes are highly relevant to likelihood of future persecution)
 
 
 9
 Because Dumaraos failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. See Ghaly, 58 F.3d at 1429.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3